### In re WRIGHT.
### No. 5658.

District Court, W. D. Louisiana, Opelousas Division.

May 28, 1938.

W. E. Couvillon, of Marksville, La., for debtor-bankrupt.

Camden Staples, of Alexandria, La., for Passumpsic Savings Bank of St. Johnsbury, Vt.

C. T. Munholland, of Monroe, La., Supervising Conciliation Com'r.

W. C. Perrault, of Opelousas, La., Referee in Bankruptcy.

DAWKINS, District Judge.

The above bankrupt originally filed application for relief under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, pertaining to farmers, and his estate was so administered for a considerable period.

Thereafter, the principal creditor holding a mortgage upon the property, filed a petition to have the proceeding dismissed for failure of the debtor to pay the annual rental, after adjudication under subsection (s) of Section 75, 11 U.S.C.A. § 203(s), and in the alternative, for liquidation or winding up under the general provisions of the bankruptcy law. The court referred this petition to the Supervising Conciliation Commissioner of this district, who had a hearing at Opelousas thereon, at which the debtor and his counsel appeared. At the inception the attorney for the debtor had this statement entered on the record, or note of evidence:

"By Mr. Couvillon: I have filed no regular pleading but through letters I have written to you and Mr. Boagni, we were opposing dismissing the proceeding and rather urge that the alternative Mr. Staples prayed for be followed; instead of the proceeding being set aside that a trustee be appointed by the honorable court to wind up the affairs; we think that is the course to follow instead of dismissing the proceeding.

"By the Court: You don't desire to file a written return to the pleading?

"By Mr. Couvillon: I have not because I thought this would be taken up upon the petition as filed, but of course if you desire we can file a regular pleading. I contend that the proper procedure is that a trustee should be appointed to wind up the estate and we agree that this should be done."

Thereafter the Commissioner made his report, recommending that the matter be wound up under the general provisions of the law in order that the debtor might receive his discharge.

This court, upon examination of the record, on the —— day of March, 1938, entered the following order:

"The report and recommendations of C. T. Munholland, Supervising Conciliation Commissioner, made pursuant to an order of this Court, dated December 11th, 1937, and whereunder the application of Passumpsic Savings Bank for appointment of a Trustee to wind up this proceeding in accordance with the provisions of the Bankruptcy Act, considered, it appearing that no exceptions or oppositions have been filed to said report, it is therefore, ordered, adjudged and decreed that a Trustee be appointed by the Court and that the estate of the bankrupt, Alva P. Wright, be wound up in accordance with the provisions of Subsection (s) of Section 75 of the National Bankruptcy Act, as amended.

"It is further adjudged and decreed that the report and recommendations of C. T. Munholland, Supervising Conciliation Commissioner, rendered herein on February 12th, 1938, be and the same are hereby confirmed."

A trustee was appointed and proceedings otherwise instituted to wind up the estate.

Subsequently, the trustee filed with the referee an application to disclaim title to the property upon which the principal debtor, the Passumpsic Savings Bank, held a mortgage, for the reason as stated therein, the mortgage indebtedness of $16,992.-78, with interest, "far exceeds the value of the property mortgaged, leaving no equity in said property for the bankrupt estate." The court, upon consideration of the application, which was brought to its attention by the Referee through the Supervising Conciliation Commissioner, directed that the latter notify the parties concerned that it would be approved on May 14th, 1938, "unless lawful objection or opposition thereto is made * * *." The Commissioner gave notice on May 7, 1938. Thereupon, there was filed by 'Alva P. Wright, bankrupt in the above matter, an opposition to the disclaimer, in which it is alleged in substance "that said property should be held within the bankrupt's estate" because it had been returned under a "rental arrangement," meaning, of course, according to the provisions of subsection (s) of Section 75, and stating that certain payments and credits were actually made, as well as others expected, in-

138

cluding one by the government arising from "three cents per pound for cotton" raised in 1937.

My view is that the opposition discloses no valid reason for refusing to permit the trustee to disclaim title to the property. Wright not only made no objection to but acquiesced in the liquidation or winding up of his estate in ordinary bankruptcy, and there is no provision within my knowledge and I do not believe it is contemplated that this court should, under such circumstances, entertain jurisdiction any longer than is necessary to liquidate the estate. For this reason, it is my view that the opposition should be overruled and the trustee authorized to disclaim title to the property, as prayed for.

Proper decree should be presented.